**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico**

Civil Action No. 1:22-cv-03098-DDD-NRN

JOANNE BLACK,

    Petitioner,

v.

BERNARD S. BLACK,

    Respondent.

---

**ORDER ADOPTING RECOMMENDATION OF MAGISTRATE JUDGE
AND REMANDING CASE**

---

United States Magistrate Judge N. Reid Neureiter recommends that this case be remanded to state court and that Respondent Bernard Black be sanctioned for engaging in bad-faith litigation. Doc. 30. Mr. Black timely objected to the recommendation. Doc. 35. He also subsequently filed a motion for a temporary restraining order, Doc. 37, and a motion to vacate orders, Doc. 38, both of which ask this Court to enjoin ongoing proceedings in state court. Having reviewed the record and the relevant filings in this case, I find that Judge Neureiter's recommendation is correct, and this Court does not have subject-matter jurisdiction over this matter. The recommendation is therefore adopted, and the case is remanded. Judge Neureiter's imposition of sanctions is not clearly erroneous or contrary to law, so it too is adopted. The remaining motions are denied as moot.

- 1 -

## BACKGROUND

The background of this matter is laid out in detail in Judge Neureiter's recommendation and need not be repeated here. The relevant points are that Joanne Black, Mr. Black's sister, has been deemed incompetent to manage her own affairs under the law. Doc. 30 at 4. A conservatorship regarding Joanne has been pending in Denver County Probate Court since 2012. That is the year the Blacks' mother died. Prior to her death, she had created a Supplemental Needs Trust for Joanne's benefit, and in her will she had devised two-thirds of her estate to that trust, and one third to a trust for Bernard and his children. She also had about $3.5 million in brokerage accounts. Those accounts included payable-on-death benefits that designated that a third of the funds be given directly to Joanne, not the trusts. Bernard has been fighting that designation ever since.

Bernard filed the 2012 conservatorship and was appointed Joanne's conservator. *See In re Black*, No. 2012PR001772 (Denver Cty. Probate Ct. filed Oct. 16, 2012); *Black v. Black* (*Black II*), 482 P.3d 460 (Colo. App. 2020). Suffice it to say that case has not turned out the way Mr. Black must have hoped. The probate court, among other things, found that he improperly diverted funds from Joanne and that his actions were "deceptive and undertaken in bad faith" and constituted civil theft. The court removed him as Joanne's conservator, ordered him to reimburse Joanne $1.5 million, and trebled the damages to $4.5 million under Colorado's civil-theft statute. *Black v. Black* (*Black I*), 422 P.3d 592, 598-99 (Colo. App. 2018). In addition to unsuccessful appeals in Colorado's courts, Mr. Black and his immediate family members have since tried to get courts in a variety of other jurisdictions to help dig out of this hole. *See* Doc. 30 at 11-19 & n.1 and cases cited.

This matter is another such effort. Here, Mr. Black filed a notice of removal, purporting to remove not a case, but a motion filed by Joanne in the Denver probate case. Doc. 1-1. Judge Neureiter issued an order requiring Mr. Black to show cause why this case shouldn't be remanded for lack of subject-matter jurisdiction and procedural flaws in the removal and why he should not be sanctioned for filing a frivolous removal notice. Doc. 5. Mr. Black responded first by filing a motion "to transfer venue to the Northern District of Illinois or the Eastern District of New York and/or dismiss the claims in the state court motion," Doc. 7, and then by filing a response to the order to show cause, Doc. 11, and a supplement to that response, Doc. 14. Judge Neureiter construed Mr. Black's response as, in part, non-consent to jurisdiction over the case by a magistrate judge, and the case was reassigned to me as the presiding judge. Docs. 15, 16. Judge Neureiter held a hearing and heard argument on his show-cause order, and ultimately issued the recommendation at issue here.

Mr. Black objects to Judge Neureiter's recommendation. Doc. 35. He has also filed a motion for a temporary restraining order, Doc. 37, and a motion to vacate orders issued by the probate court, Doc. 38.[1]

## STANDARD OF REVIEW

When reviewing a magistrate judge's recommended disposition of a pretrial matter dispositive of a party's claim or defense, a district judge must conduct a de novo review of those portions of the magistrate judge's recommendation to which a party has filed timely and specific written

---

[1] On April 3, 2023, Mr. Black left two voicemails and emailed my chambers inquiring about the status of his most recent filings. He is admonished to refrain from any further ex parte communications with the Court. *See* Local Civ. R. 77.2. Any such future communications will be ignored.

objections. Fed. R. Civ. P. 72(b)(2)-(3); 18 U.S.C. § 636(b)(1). To preserve an issue for de novo review, a party's objections must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). As to those portions of the recommendation to which no timely, specific objection has been made, the district judge may review the magistrate judge's factual and legal conclusions under any standard the district judge deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). Upon review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 18 U.S.C. § 636(b)(1).

When reviewing a magistrate judge's order that is not dispositive of a party's claim or defense, a district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies to the magistrate judge's factual findings, which may not be set aside unless "on the entire evidence [the reviewing court] is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Residences at Olde Town Square Assoc. v. Travelers Cas. Ins. Co. of Am.*, 413 F. Supp. 3d 1070, 1072 (D. Colo. 2019) (citing *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)). The "contrary to law" standard applies to the magistrate judge's legal determinations and permits plenary review as to matters of law; the district judge may set aside a legal ruling if the magistrate judge applied the wrong legal standard or applied the appropriate legal standard incorrectly. *Olde*

*Town Square*, 413 F. Supp. 3d at 1072 (citing 12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3069 (2d ed.)).

While Mr. Black is apparently a licensed attorney in New York, he is proceeding here pro se, and I liberally construe his pleadings.[2] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). I may not, however, assume the role of advocate on his behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*).

## DISCUSSION

Mr. Black requests oral argument, but I have reviewed the pleadings and docket in this matter, and the transcript of the hearing before Judge Neureiter and am confident that oral argument would be of no help. *See* Local Civ. R. 7.1(h).

### I. Remand

Because remand is dispositive of this matter, at least as far as federal court is concerned, I review that aspect of Judge Neureiter's recommendation de novo. Like Judge Neureiter, I conclude that this Court does not have subject-matter jurisdiction over the matter Mr. Black seeks to remove. As Judge Neureiter notes, the statute conferring removal jurisdiction on federal courts does not permit removal of a particular motion from state court, but "speaks of removal of 'any civil action' or 'proceeding.'" Doc. 30 at 22 (citing 28 U.S.C. § 1446(a), (b)). Judge Neureiter's explication of the statutory language is straightforward and correct:

> A "civil action" is simply "a civil . . . judicial proceeding." *Action*, Black's Law Dictionary (11th ed. 2019); *see Burton*, 549 U.S. at 91 & n.3 (relying on Black's Law Dictionary for

---

[2] I note that Mr. Black is also a tenured law professor, but that does not entitle him to any further accommodation.

> the ordinary meaning of "action"). A "proceeding" is "[t]he regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment." Black's Law Dictionary, *supra*, *Proceeding*. A "complaint" is "[t]he initial pleading that starts a civil action. . ." *Id.*, *Complaint*; *see also Burton*, 549 U.S. at 91 (quoting Black's Law Dictionary for this definition). Thus, the ordinary meaning of "civil action" is "a single proceeding begun with a complaint and continuing all the way through entry of judgment."

*Id.* (quoting *Tucker v. Equifirst Corp.*, 57 F. Supp. 3d 1347, 1354 (S.D. Ala. 2014)).

A state-court *motion* is neither a civil action nor a proceeding, and thus is not within the ambit of the removal statute. Remand is therefore necessary. *Stark-Romero v. National R.R. Passenger Co.*, 763 F. Supp. 2d 1231, 1273-74 (D.N.M. 2011).

That is reason enough to remand the case. But as Judge Neureiter recognized, there is another flaw in Mr. Black's removal. Removal is only permitted if the underlying matter could have been brought in federal court. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). The matters here are clearly within the probate exception to federal jurisdiction. That exception holds that federal courts may not adjudicate matters regarding the probate of a will and the administration of a decedent's estate, and precludes federal courts from taking action that will dispose of property in the custody of state probate court. *Marshall v. Marshall*, 547 U.S. 293, 311 (2006). The conservatorship action in general is undoubtedly within that exception, as it regards the administration of a decedent's estate. *See also Cassity v. Pitts*, 995 F.2d 1009, 1012 (10th Cir. 1993). And even if Mr. Black could remove a single motion, his

puzzling arguments cannot overcome the fact that the motion he seeks to remove here could not have been brought in federal court because the issues it raises are precisely the sorts of probate questions the exception covers.[3]

Mr. Black's argument that the motion in question could have, or even should have, been brought as a separate proceeding is irrelevant to the removal question. What is inarguable is that the motion in question is, in the probate court, being addressed as part of the ongoing probate proceeding, and indeed the probate court specifically directed Joanne Black to file a motion in that case addressing these issues. *See* Order, *In re Black*, No. 2012PR001772 (Denver Cty. Probate Ct. May 10, 2021). Whether the motion should be treated separately in state court is a matter for the state courts. The federal removal statute does not allow Mr. Black to pluck out part of that case and bring it to federal court.

Mr. Black's arguments in response to the show-cause order and his objections to Judge Neureiter's recommendation focus on Judge Neureiter's identification of "procedural" flaws. These, he says, cannot be raised *sua sponte* by a judge and are waived if not raised by the opponent of removal within thirty days. *See* Doc. 14 at 3, Doc. 35 at 11-14. If there were only procedural flaws with Mr. Black's removal, he would have a point. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made

---

[3] The motion deals with the following issues, as ordered by the probate court on remand from the Court of Appeals: (1) voiding the disclaimers used by Bernard Black; (2) return of conservatorship assets as previously ordered by the probate court; (3) suspension and/or removal of Bernard Black and Samuel Black as trustees from all trusts holding assets derived from the conservatorship estate; and (4) personal liability and damages against Samuel Black. *See* Order, *In re Black*, No. 2012 PR001772 (Denver Cty. Probate Ct. May 10, 2021).

within 30 days after the filing of the notice of removal . . . ."). But the flaws discussed above are not procedural, they are jurisdictional. The matter he seeks to remove (a motion pending in a state-court probate proceeding) is not one Congress has seen fit to give federal courts jurisdiction over. And of course, courts not only are permitted to address subject-matter-jurisdiction questions *sua sponte*, we have a duty to do so. *Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1849 (2019) ("Unlike most arguments, challenges to subject-matter jurisdiction may be raised by the defendant 'at any point in the litigation,' and courts must consider them *sua sponte*.").

This Court does not have subject-matter jurisdiction over this matter, and it must be remanded to state court.

## II. Sanctions

Judge Neureiter found Mr. Black's removal effort here, and the motion to transfer venue, to be part of a lengthy pattern of vexatious and bad faith litigation on his part, including in the underlying probate action and the other cases around the country. Doc. 30 at 40-41. He therefore recommends that Mr. Black be sanctioned under the Court's inherent authority by being forced to pay the attorney fees Joanne has incurred in opposing the removal and transfer motion. *Id.* He also ordered the Clerk of Court to send to bar authorities in New York (where Mr. Black is licensed to practice) copies of the recommendation and other court orders describing the conduct of Mr. Black and his family over the last eleven years. *Id.* at 41-42.

Mr. Black objects, arguing that the question is not whether he and his family are "good people" or not. Doc. 35 at 5. Mr. Black is right about that—a higher authority than any judge of this Court can ultimately settle that question. But he is wrong about the rest. First, Judge

- 8 -

Neureiter carefully laid out the legal standards that govern the imposition of sanctions under courts' inherent authority. As he explained, within the inherent powers retained by federal courts is the "ability to fashion an appropriate sanction for conduct which abuses the judicial process." Doc. 30 at 37 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)). Judge Neureiter noted that courts' inherent powers must be exercised with restraint. *Id.* However, in a situation such as the present one, a court may require a party that has engaged in misconduct to reimburse the legal fees and costs of the other party, so long as the sanction is compensatory rather than punitive, and the fees are limited. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017). Judge Neureiter fastidiously followed these criteria.

Nor is there any support for Mr. Black's contention that Judge Neureiter was not permitted to look beyond the filings in this case to assess whether it was part of a pattern of bad faith and unnecessary multiplication of litigation. For one thing, a single bad-faith, frivolous filing in a single case can be vexatious and worthy of sanctions—that would be sufficient to leave Judge Neureiter's sanctions in place. But there is also no reason that a judge cannot look at a litigant's broader activities, at least when they are related to the present matter, to see if he is abusing the system in general. That is what Judge Neureiter found here, and that finding is amply supported by the record.

Indeed, even a mere adjunct professor can recognize that part of Mr. Black's strategy in dragging this case out and avoiding sanctions is to file discrete motions and actions in different courts around the country, effectively to see what he can get away with. As Joanne has noted, even since Judge Neureiter's rebuke, Mr. Black has disingenuously represented his role in these goings-on in at least two other courts. In Oregon, Mr. Black and his son Samuel have filed a motion seeking to

intervene as plaintiffs in a case brought by Joanne's conservator *against Mr. Black*. *In re Foreign Judgment Rendered in the Case of Conservatorship of Joanne Black v. Bernard Black*, No. 19CV24979 (Multnomah Cir. Ct. March 8, 2023). Messrs. Black purport to act as the "majority" of the trustees in Joanne's supplemental needs trust in what appears to be yet another blatant attempt to escape the repercussions of their fraud. The Second Circuit, after Mr. Black's oral argument, noted:

> Bernard Black was suspended from his role as co-trustee of the SNT by the Denver Probate Court in January 2018. *See* [*Black II*]. He asserted in his oral argument in this appeal that that the Denver Probate Court order suspending him as co-trustee has lapsed by operation of law, but he does not contend that the Colorado court, or any other court, has ended the suspension or reinstated him as trustee.

*Black v. Wrigley*, No. 21-2553, 2023 WL 2591014, at *1 n.2 (2d Cir. Mar. 22, 2023); Doc. 128-1 at 2. This is, if anything, a more insidious form of vexatious, multiplicitous litigation than the more mundane repeat filings in a single court that are the usual subject of similar sanctions. That Judge Neureiter went to the trouble of looking beyond the present matter and the confines of this District to see the true pattern of Mr. Black's conduct is the opposite of an abuse of discretion or clear error.

This entire federal case has been the definition of vexatious and wasteful. It would warrant the sanctions Judge Neureiter recommended no matter the context. That the other side of the underlying matter is a disabled sibling seeking what court after court has recognized is rightfully hers does not change the result of this order, but, one must assume, will be taken into account by that higher authority when the time comes.

- 10 -

## CONCLUSION

It is **ORDERED** that:

The Objections by Bernard Black to Magistrate Judge's Report and Recommendation, **Doc. 35**, are **OVERRULED**;

The Report and Recommendation, **Doc. 30**, is **ACCEPTED** and **ADOPTED**;

Mr. Black's motions, **Docs. 7**, **37**, **38**, are **DENIED AS MOOT**; and

This matter is **REMANDED** to the Denver County Probate Court.

The Court retains limited jurisdiction to impose sanctions under its inherent authority. As explained in the recommendation, *see* Doc. 30 at 41, it is **FURTHER ORDERED** that:

Joanne's counsel must within ten days of this Order file an affidavit detailing what she asserts is the reasonable attorney fees, expenses, and costs that should be awarded for the improper removal; and

Mr. Black will have ten days after such affidavit is filed to submit any written challenge concerning the reasonableness of attorney fees, expenses, and costs that the Court will award pursuant to Section 1447(c).

DATED: April 5, 2023                                BY THE COURT:

~~Daniel D.~~ Domenico
United States District Judge