FILED  
United States Court of Appeals  
Tenth Circuit  

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

July 19, 2023

Christopher M. Wolpert  
Clerk of Court

———————————————

JOANNE BLACK, protected person,

Petitioner - Appellee,

v.

BERNARD BLACK,

Respondent - Appellant.

No. 23-1155  
(D.C. No. 1:22-CV-03098-DDD-NRN)  
(D. Colo.)

———————————————

**ORDER**

———————————————

Before **BACHARACH**, **BRISCOE**, and **McHUGH**, Circuit Judges.

———————————————

In the case underlying this appeal, defendant-appellant Bernard Black ("Mr. Black")—an attorney licensed in New York who represents himself in this appeal—filed a pro se Notice of Removal, attempting in his capacity as trustee of the Irrevocable Trust for the Benefit of the Issue of Renata Black (the "Issue Trust") to remove to the United States District Court for the District of Colorado a motion filed by the conservator for his sister, Joanne Black ("Joanne") in a state probate court case (No. 2012PR001772, the "Probate Case"). Mr. Black seeks here to appeal the district court's order summarily remanding the case to state court for lack of subject matter jurisdiction and its order imposing sanctions against Mr. Black in an amount yet to be determined.

Upon receipt of the notice of appeal, this court issued an order to show cause, directing Mr. Black to identify in writing any basis for its exercise of jurisdiction over the

appeal. Mr. Black filed a timely response and, at the direction of the court, Joanne's counsel also filed a timely response. Mr. Black seeks leave to file a reply, but this panel has determined unanimously that any reply would not materially assist in the determination of its jurisdiction over this appeal, and thus denies that request. Upon consideration of the parties' respective briefs, the district court docket, and the applicable law, the court dismisses the appeal for the reasons set forth below.

This court lacks jurisdiction over this appeal for two reasons: (1) a district court order remanding a case to state court for lack of subject matter jurisdiction is generally not an appealable order, *see* 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ."); *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127 (1995) (holding that § 1447(d)'s jurisdictional limitation applies to remands based on subject matter jurisdiction); and (2) the district court has not yet fixed the amount of monetary sanctions against Mr. Black.

With regard to the remand order, "[t]he authority of appellate courts to review district-court orders remanding removed cases to state court is substantially limited by statute." *Powerex Corp. v. Reliant Energy Svcs., Inc.*, 551 U.S. 224, 229 (2007). Pursuant to the jurisdictional limitation set forth in § 1447(d), this court's inquiry as to its jurisdiction over the remand order is restricted to a superficial determination that the "basis for the district court's decision can be 'colorably characterized as subject matter jurisdiction.'" *Moody v. Great Western Ry. Co.*, 536 F.3d 1158, 1162 (10th Cir. 2008) (quoting *Powerex*, 551 U.S. at 234).

The district court here expressly invoked subject matter jurisdiction as the rationale for remand [*see* ECF No. 39 at 1 ("I find that Judge Neureiter's recommendation is correct, and this Court does not have subject-matter jurisdiction over this matter. The recommendation is therefore adopted, and the case is remanded."); *see also id.* at 5-8]; and "subject-matter jurisdiction was a plausible rationale for that remand", *see Moody*, 536 F.3d at 1162. Thus, "our ability to further review that remand is barred by § 1447(d)." *See id.*

And, because the district court's order remanding this case to the Denver Probate Court is not appealable, this court similarly lacks jurisdiction to consider the district court's order denying as moot Mr. Black's motion to vacate all orders of the Denver Probate Court. *See Scherer v. Merck & Co., Inc.*, 241 App'x 482, 484 (10th Cir. 2007) (dismissing appeal for lack of jurisdiction because the only way the appellant could obtain the relief requested was by reversal of the remand order); *see also Agostini v. Piper Aircraft Corp.*, 729 F.3d 350, 353-55 (3rd Cir. 2013) (concluding that § 1447(d)'s prohibition appellate review extends to later orders that cannot be disaggregated from the original remand because reversal would affect the remand decision).

Second, although this court may eventually have jurisdiction to review any sanction award, *see Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1248 (10th Cir. 2005), "an appeal from the award of sanctions may not be taken until the amount has been determined." *See, e.g., Turnbull v. Wilcken*, 893 F.2d 256, 258 (10th Cir. 1990) (per curiam); *see also Collins v. Daniels*, 916 F.3d 1302, 1319 (10th Cir. 2019) (citing *Turnbull*, 893 F.2d at 258). Because the district court has yet to fix the amount of

3

sanctions against Mr. Black, this court lacks jurisdiction over the sanction award at this juncture. *See Turnbull*, 893 F.2d at 258.

In his response, Mr. Black argues that the sanction order is immediately appealable because: (1) Judge Neureiter directed the Clerk of the district court to send to the Appellate Division of the New York State Supreme Court where Mr. Black is licensed both a copy of his recommendation and copies of the appellate court decisions in *Black v. Black*, 422 P.3d 592 (Colo. App. 2018) ("*Black I*"); *Black v. Black*, 482 P.3d 460 (Colo. App. 2020) ("*Black III*"); and the decision in *Litvak v. Black*, 147 N.E.3d 835 (Ill. App. 2019); and (2) Judge Neureiter directed the Clerk to include a formal request that the Appellate Division "investigate Mr. Black for his conduct as described in those reported decisions and in this case, and consider imposing appropriate discipline, including potentially suspension or disbarment." [ECF No. 30 at 43].

Judge Neureiter's direction to the Clerk regarding submission of these documents to the New York Appellate Division does not change our analysis. First, the published opinions are publicly available to the Appellate Division and did not arise out of the case underlying this appeal. Second, while an attorney may appeal an order finding ethical violations and directing that order to be mailed to the courts in which he or she has been admitted to practice, *see Butler v. Biocore Med. Techs., Inc.*, 348 F.3d 1163, 1167 (10th Cir. 2003), such an order is "appealable, post-judgment, under § 1291." *Id.* at 1168. However, as discussed above, because the sanction order also portends the imposition of monetary sanctions, it will not be final or appealable until the district court fixes the amount of sanctions. *See* § 1291 ("The courts of appeals . . . shall have jurisdiction of

4

appeals from all final decision of the district courts of the United States . . . ."); *Turnbull*, 893 F.2d at 258 (stating that "an appeal from the award of sanctions may not be taken until the amount has been determined"); *see also* Fed. R. Civ. P. 54(a) (defining "judgment" to "include[] a decree and any other order from which an appeal lies").

APPEAL DISMISSED.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

| Christopher M. Wolpert | | Jane K. Castro |
| --- | --- | --- |
| Clerk of Court | | Chief Deputy Clerk |

July 19, 2023

Bernard S. Black
Northwestern University
Pritzker School of Law
375 East Chicago Avenue, 8th Floor
Chicago, IL 60611

**RE:** **23-1155, Black v. Black**
Dist/Ag docket: 1:22-CV-03098-DDD-NRN

Dear Counsel:

Enclosed please find an order issued today by the court.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of Court

cc: Lisa R. DiPonio

CMW/jm