IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-03098-DDD-NRN

JOANNE BLACK, protected person,

Petitioner,

v.

BERNARD BLACK,

Respondent.

---

**ORDER AWARDING ATTORNEYS' FEES AS SANCTION FOR FILING VEXATIOUS REMOVAL PAPERS**

---

**N. Reid Neureiter**
**United States Magistrate Judge**

This matter is before the Court to determine the amount of attorneys' fees to be assessed as a sanction against Respondent Bernard Black. *See* Dkt. #30 (Report and Recommendation of February 14, 2023 recommending, in part, that Mr. Black pay Joanne Black's attorney's fees); Dkt. #39 (Order by Judge Domenico of April 5, 2023, adopting recommendation and noting that the Court retains limited jurisdiction to impose sanctions under its inherent authority and under 28 U.S.C. §1447(c)); Dkt. #41 (Verified Affidavit of Attorney's Fees and Costs).

The issue of amount of the sanction was referred by Judge Domenico by text entry order on June 13, 2023. Dkt. #50.

**Procedural Background**

Much of procedural history of this case has been recited in prior orders and need not be repeated here. Briefly, this matter arrived in federal court on November 30, 2022, when the Respondent, Bernard Black, sought to remove a single motion that had been filed in pending Colorado state court conservatorship matter. Dkt. #1. The conservatorship had been pending in state court for years, and in fact had been initiated by Mr. Black with respect to his sister, Joanne Black. The conservatorship proceeding had not gone as Mr. Black had originally hoped: he ended up being assessed millions of dollars by the Denver Probate Court for having stolen money from his disabled sister. The removed motion involved follow-on proceedings after various appeals to the Colorado Court of Appeals.

After removal, this Court promptly issued an order asking Mr. Black to show cause why the case should not be remanded and why he should not be sanctioned for what appeared to be a frivolous and baseless attempt at removal for the purpose of interfering with the ongoing state probate proceeding. *See* Dkt. #5. The case was subsequently reassigned to Judge Domenico (Dkt. #16), but Judge Domenico referred Mr. Black's response to the Order to Show Cause to me for a report and recommendation. Dkt. #18. In the meantime, Mr. Black filed a motion to transfer venue or to dismiss the "claims" purportedly asserted in the state court motion that he had sought to remove. Dkt. #7.

After full briefing on the Order to Show Cause and the change of venue motion (including more than 110 pages of briefs filed by Mr. Black), and an extensive oral argument, I ultimately issued a report on February 14, 2023 recommending that the

2

matter be remanded and that sanctions be awarded against Mr. Black. Dkt. #30. Having reviewed extensive orders from the Colorado state conservatorship matter and numerous other related cases filed by Mr. Black and his wife around the country, I concluded that the removal was done in bad faith, in part to try to avoid answering in Colorado state court for the consequences of having committed civil theft against his sister. I therefore recommended that Mr. Black be ordered to pay Joanne's attorney fees in opposing the removal and motion to transfer. Dkt. #30 at 41.

Mr. Black objected to the recommendation with a 72-page submission. Dkt. #35. Ms. Joanne Black filed her own extensive response to the Mr. Black's objection. Dkt. #36.

On April 5, 2023, Judge Domenico overruled Mr. Black's objections and adopted my recommendation, both on the issue of remand and on the issue of sanctions. Dkt. #39. The matter was ordered remanded to state court for lack of subject matter jurisdiction. Dkt. #39 at 8. On the issue of sanctions, Judge Domenico found that Mr. Black has a strategy of filing "discrete motions and actions in different courts around the country, effectively to see what he can get away with." Dkt. #39 at 9. He found Mr. Black's conduct in these various courts seeking to collaterally challenge the proceedings in the Colorado probate court as "a more insidious form of vexatious, multiplicitous litigation than the more mundane re-peat filings in a single court that are the usual subject of similar sanctions." *Id.* at 10. In sum, Judge Domenico agreed "[t]his entire federal case has been the definition of vexatious and wasteful." *Id.*

Judge Domenico ordered counsel for Joanne Black to submit an affidavit detailing what she asserts is the reasonable attorney fees, expenses, and costs that

3

should be awarded for improper removal. *Id.* at 11. Mr. Black was then given ten days to submit any written challenge concerning the reasonableness of attorney fees, expenses and costs that the Court would award pursuant to Section 1447 (c). *Id*. 28 U.S.C. Section 1447(c) provides that "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

Mr. Black attempted to appeal Judge Domenico's decision remanding the case and awarding sanctions. The Tenth Circuit dismissed the appeal on the ground that it lacked jurisdiction because: (1) a district court order remanding a case to state court for lack of subject matter jurisdiction is generally not an appealable order, and (2) the district court had not yet fixed the amount of monetary sanctions against Mr. Black. Dkt. #51 at 2 (Tenth Circuit Order of July 19, 2023 in Case No. 23-1155).

**Joanne Black's Fee Request**

Consistent with Judge Domenico's Order, on April 15, 2023, Ms. Lisa DiPonio, counsel for Joanne Black, filed her Verified Affidavit of Attorney's Fees and Costs. Dkt. #41-1. Ms. DiPonio represents that time "would exceed $5,000 for hours spent in participating in this matter on behalf of Joanne." *Id*. at ¶ 5. Ms. DiPonio also expended $31.60 in costs in defending against the improper removal. Dkt. #42-2.

I find that Ms. DiPonio's estimate of more than $5,000 in attorney time is reasonable given the amount of briefing filed by Mr. Black before Judge Domenico and me (including Mr. Black's response to the Order to Show cause and the motion to transfer venue) and in connection with his attempted appeal, the scope of Ms. DiPonio's responses, and the necessary preparation for the oral argument on the Order to Show

4

Cause and the transfer motion. At a reasonable estimate of $250 per hour for her time, Ms. DiPonio would have incurred $5,000 in fees in just three days (approximately 20 hours) of work on this removal matter. Reading page after page of the numerous briefs filed by Mr. Black and writing coherent responses certainly would have taken that amount of time, at a minimum.

For example, Mr. Black's response to my Order to Show Cause (Dkt. #11) was 29 pages long. Mr. Black's motion to transfer venue (Dkt. #7) was 42 pages long. Mr. Black also filed an 11-page "supplemental response" to the Order to Show Cause emphasizing that Ms. Joanne Black had allegedly waived any procedural defects in the removal by not objecting to the removal petition within 30 days. *See* Dkt. #14.

Ms. DiPonio's combined response to Mr. Black's venue transfer motion and response to the Order to Show Cause was 27 pages. *See* Dkt. #19.

Mr. Black also filed a 36-page reply addressing the Order to Show Cause and in further support of his motion to transfer venue. Dkt. #24.

Then, after I had issued my report and recommendation, Mr. Black filed a 71-page objection (including the appendix). Dkt. #35. Ms. DiPonio's response to Mr. Black's objection (Dkt. #36) was similarly lengthy, coming in at 76 pages. On April 3, 2023, Mr. Black filed two additional motions, a Motion for Temporary Restraining Order to stop the Denver Probate Court from conducting any further proceedings, which was 42 pages (Dkt. #37), and a Motion to Vacate Orders of the Denver Probate Court with respect orders issued after this matter was remove, which was 38 pages. Dkt. #38.

Mr. Black was given 10 days after the filing of Ms. DiPonio's affidavit "to submit any written challenge concerning the reasonableness of attorney fees, expenses, and

5

costs that the Court will award pursuant to Section 1447(c)." Dkt. #39 at 11. Mr. Black submitted nothing challenging the estimate of $5,000 in fees. Therefore the Court deems the $5,000 figure of the reasonable fees to have been conceded by Mr. Black.

Ms. DiPonio has said that she does not want the $5,000 in fees to be awarded to her. She asks instead that Mr. Black be ordered to make a donation of the $5,000 to a charity of his choice in the name of his deceased son:

> I have a family of my own and certainly could use the award of attorney's fees which would exceed $5,000.00 for hours spent in participating in this matter on behalf of Joanne. However, rather than seeking those fees, I would prefer Mr. Black utilize that money by making a donation to the charity of his choice in the name of his deceased son. I would expect Mr. Black would appeal any efforts I sought to collect on such fees; and, that would just continue the scorched earth litigation he continues to perpetuate in Colorado and elsewhere. In making such an unconventional request, it is my hope Mr. Black will realize the importance of family, including his sister Joanne, rather than continue his ongoing litigation which benefits none of the Black family.

Dkt. #41-1 at ¶ 5.

Although Ms. DiPonio's is an altruistic request, the Court finds no authority that would permit the imposition of a charitable donation sanction, such as the one proposed by Ms. DiPonio. The law contemplates sanction awards that require payment of reasonable attorney fees to the opposing side. In this instance, Ms. DiPonio appears reluctant to accept such an award, in part because of Mr. Black's abusive litigation tactics and the likelihood that such an award will only trigger more appeals and more of such tactics. But the response to the implicit threat of more abusive litigation tactics in the future should not be submission to the threat.

Moreover, the award of sanctions in this case is not intended solely for the purpose of compensating Ms. DiPonio or her client for time and money spent fighting

against a frivolous and vexatious attempt to interfere with the Denver Probate Court proceedings. Sanctions can have different objectives. They can be viewed as a form of cost-shifting, compensating opposing parties injured by the vexatious or frivolous litigation, or as a form of punishment imposed on those who violate the rules. The imposition of sanctions is, in part, meant to deter attorneys from violating the rules. Sanctions should also be educational and rehabilitative in character.

Sanctions are also a means by which the Court can defend itself, the institution that administers justice, from abusive or destructive litigation tactics. Ordering Mr. Black to make a payment to a charity would, in certain respects, be a capitulation to the abusive tactics that he has demonstrated. The Court will not reward Mr. Black by allowing him to decide what entity will benefit from his litigation abuse.

Therefore, within 10 days from the date of this order, Mr. Bernard Black is hereby **ORDERED** to pay to Counsel Lisa DiPonio the sum of $5,031.60 for reasonable attorney fees and expenses incurred in defending this inappropriately removed matter.

Dated: August 9, 2023
    Denver, Colorado

N. Reid Neureiter
United States Magistrate Judge