**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico**

Civil Action No. 1:22-cv-03098-DDD-NRN

JOANNE BLACK,

      Petitioner,

v.

BERNARD S. BLACK,

      Respondent.

---

### ORDER OVERRULING OBJECTIONS AND DENYING MOTION TO STAY

---

Before the Court are Respondent Bernard Black's "Motion to Stay Pending Appeal," Doc. 53, and "Objections to Magistrate Judge's Award of Fees and Other Sanctions," Doc. 55. The motion is denied and the objections are overruled for the reasons stated below.

### BACKGROUND

The background of this matter is laid out in detail in Judge Neureiter's prior recommendation and the court's order adopting that recommendation, so it need not be repeated in full here. Docs. 30, 39.

The procedural history relevant to the two pending motions is as follows. Mr. Black filed a notice of removal, purporting to remove not a case, but a motion filed by Joanne Black in the Denver probate case. Doc. 1-1. Judge Neureiter issued an order requiring Mr. Black to show cause why this case shouldn't be remanded for lack of subject-matter jurisdiction and procedural flaws in the removal and why he should not be sanctioned for filing a frivolous removal notice. Doc. 5. Mr. Black

- 1 -

responded first by filing a motion "to transfer venue to the Northern District of Illinois or the Eastern District of New York and/or dismiss the claims in the state court motion," Doc. 7, and then by filing a response to the order to show cause, Doc. 11, and a supplement to that response, Doc. 14. Judge Neureiter construed Mr. Black's response as, in part, non-consent to jurisdiction over the case by a magistrate judge, and the case was reassigned to me as the presiding judge. Docs. 15, 16. Judge Neureiter held a hearing and heard argument on his show-cause order, and ultimately issued the first recommendation at issue here. Mr. Black objected to Judge Neureiter's recommendation. Doc. 35. He also filed a motion for a temporary restraining order, Doc. 37, and a motion to vacate orders issued by the probate court, Doc. 38.

In an April 4, 2023 order, the court accepted and adopted Judge Neureiter's report and recommendation, denied as moot various of Mr. Black's motions, and remanded the case to Denver County Probate Court. Doc. 39 at 11. In relevant part, the court held that it lacked subject-matter jurisdiction over this case for a number of reasons, including because Mr. Black purported to remove a motion rather than a civil action, that matter fell within the probate exception to federal jurisdiction, and that the jurisdictional flaws with this case were properly raised *sua sponte*. Doc. 39 at 5-8. The court also upheld Judge Neureiter's finding that sanctions were appropriate here. *Id.* at 9-11.

Mr. Black then filed an appeal of this court's order. Docs. 42-45. On May 30, 2023, the Tenth Circuit ordered Mr. Black to show cause why it had jurisdiction over his appeal. Doc. 49. Mr. Black responded, but the Tenth Circuit dismissed the appeal and found that Mr. Black's appeal of the sanctions order was premature because the amount of fees to be assessed against Mr. Black had not been decided. Doc. 51. Thereafter, Judge Neureiter entered an order fixing the award of attorneys' fees in

the amount of $5,031.60. Doc. 52. Mr. Black then filed his pending motion to stay and objections ostensibly to Judge Neureiter's latest order, Doc. 52. Docs. 53, 55.

## STANDARD OF REVIEW

When reviewing a magistrate judge's recommended disposition of a pretrial matter dispositive of a party's claim or defense, a district judge must conduct a de novo review of those portions of the magistrate judge's recommendation to which a party has filed timely and specific written objections. Fed. R. Civ. P. 72(b)(2)-(3); 18 U.S.C. § 636(b)(1). To preserve an issue for de novo review, a party's objections must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). As to those portions of the recommendation to which no timely, specific objection has been made, the district judge may review the magistrate judge's factual and legal conclusions under any standard the district judge deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). Upon review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 18 U.S.C. § 636(b)(1).

When reviewing a magistrate judge's order that is not dispositive of a party's claim or defense, a district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies to the magistrate judge's factual findings, which may not be set aside unless "on the entire evidence [the reviewing court] is left with the definite and firm conviction that a mistake has been

committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Residences at Olde Town Square Assoc. v. Travelers Cas. Ins. Co. of Am.*, 413 F. Supp. 3d 1070, 1072 (D. Colo. 2019) (citing *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)). The "contrary to law" standard applies to the magistrate judge's legal determinations and permits plenary review as to matters of law; the district judge may set aside a legal ruling if the magistrate judge applied the wrong legal standard or applied the appropriate legal standard incorrectly. *Olde Town Square*, 413 F. Supp. 3d at 1072 (citing 12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3069 (2d ed.)).

While Mr. Black is apparently a licensed attorney in New York, he is proceeding here pro se, and I liberally construe his pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). I may not, however, assume the role of advocate on his behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*).

## DISCUSSION

### I. Motion to Stay

In Mr. Black's "Motion to Stay," he appears to argue that the court incorrectly held that it lacked subject-matter jurisdiction rather than removal jurisdiction. Mr. Black appears to seek a stay of Judge Neureiter's award of $5,031.60 in fees and, more importantly to Mr. Black, Judge Neureiter's referral of Mr. Black to the New York State Bar for potential discipline. Doc. 53 at 1.

Notably absent from Mr. Black's motion is any real discussion of the standard for staying an order pending appeal, including an order awarding fees. The relevant factors when considering a stay pending appeal are whether the applicant has made a strong showing that he is likely

to succeed, whether he'll suffer irreparable harm absent a stay, whether a stay will substantially injure the other parties in the proceeding, and where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The only factor that Mr. Black appears to address is his likelihood of success on appeal. But he merely re-hashes the same arguments he made in objection to Judge Neureiter's original order. The court finds these arguments unpersuasive for the same reasons stated in its order adopting the report and recommendation. *See* Doc. 39 at 5-11. And Mr. Black has made no other showing why a stay would be appropriate, including why the absence of a stay would impose irreparable harm on him. To the extent that Mr. Black seeks a stay of Judge Neureiter's referral of certain docket entries and other published case decisions in other jurisdictions relating to this matter, that ship appears to have sailed. For those reasons, the motion to stay is denied.

## II. Objections to Award of Sanctions

Mr. Black also objects to the award of sanctions, arguing that he had an objectively reasonable basis for removal. He says that his latest objections are directed toward both the "order from Magistrate Judge Neuriter [sic] awarding fees to Plaintiff, and the prior order by Judge Neuriter [sic] referring Respondent to the New York State Bar for having sought removal." Doc. 55 at 1.

As an initial matter, to the extent that Mr. Black is simply re-objecting to Judge Neureiter's original report and recommendation, Doc. 30, as he appears to be doing, that objection is untimely and improper. The court already overruled Mr. Black's *original* objections to that order this spring in its order adopting Judge Neureiter's recommendation. Doc. 39. In any event, Mr. Black's re-hashed arguments remain unpersuasive. The court disagrees with his views on subject matter jurisdiction for the

reasons set forth in its prior order and in Judge Neureiter's original rec-ommendation. Judge Neureiter, and I, moreover, relied not just on the frivolousness of Mr. Black's legal contentions but also his bad faith in removing and litigating this matter as a whole. *See Farmer v. Banco Popular of North America*, 791 F.3d 1246, 1257-60 (10th Cir. 2015) (up-holding sanctions of *pro se* attorney-litigant due to bad-faith stalling of litigation); *see also Bordelais v.* Bordelais, 844 F. App'x 910, 912 (7th Cir. 2021) (circuit court finding sanctions were warranted in part for "wast[in]g this and other courts' time, and not just with this appeal" and citing to various other related appeals made by the sanctioned party).

As to Judge Neureiter's more recent order setting the amount of fees at $5,031.60, Mr. Black raises no complaints as to the amount of those fees or the accounting for those fees. Given this, the court overrules Mr. Black's objections made in Doc. 55.

CONCLUSION

It is **ORDERED** that:

The Objections by Bernard Black, Issue Trust Trustee, to Magistrate Judge's Award of Fees and Other Sanctions, **Doc. 55**, are **OVERRULED**;

Respondent's Motion for Stay Pending Appeal, **Doc. 53**, is **DENIED**; and

Respondent Bernard Black is **ORDERED** to pay to Counsel Lisa DiPonio the sum of $5,031.60 for reasonable attorney fees and expenses

- 6 -

incurred within 10 days from the date of this order, to the extent those fees and expenses have not already been paid.

DATED: November 8, 2023            BY THE COURT:

Daniel D. Domenico
United States District Judge